**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Star Bynum,<br><br>                                          Plaintiff,<br><br>          -v-<br><br>Pasenti Inc,<br>Tri Mar Industries Inc.,<br>K.Je Construction Services Inc., and<br>Martin Pasenti,<br><br>                                          Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Star Bynum ("Plaintiff" or "Bynum"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendants Pasenti Inc, Tri Mar Industries Inc., K.Je Construction Services Inc., and Martin Pasenti (collectively "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1.  Plaintiff alleges that she was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2.  Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3.  Plaintiff is also entitled to recover her unpaid wages – including her unpaid non-overtime wages, overtime wages, prevailing wages, wage deductions, under Article 6 of the New York

Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7.  Plaintiff Star Bynum ("Plaintiff" or "Bynum") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8.  Upon information and belief and all times relevant herein, Defendant Pasenti Inc ("PI") was a New York for-profit corporation.

9.  Upon information and belief and all times relevant herein, Defendant Tri Mar Industries Inc. ("TMI") was a New York for-profit corporation.

10.  Upon information and belief and all times relevant herein, Defendant K.Je Construction Services Inc. ("KJCS") was a New York for-profit corporation.

11.  Upon information and belief and at all times relevant herein, the corporate Defendants PI, TMI and KJCS were owned/controlled/managed by Defendant Martin Pasenti ("Pasenti")

who was in charge of the operations and management of corporate Defendants.

12. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

13. Upon information and belief, Defendants shared a place of business in Orange county, New York at 1407 Kings Highway, #219 Chester, New York 10918.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

15. Upon information and belief, and at all relevant times herein, Defendants were in the business of providing building construction and related services.

16. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed 30 or more employees.

17. Plaintiff was employed by Defendants, individually and/or jointly, from in or around August 2016 to on or about December 8, 2020.

18. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants to do construction and related work.

19. At all times relevant herein, Plaintiff was an hourly employee of Defendants and her last hourly rate of pay was about $18.13 an hour.

20. At all times relevant herein, Plaintiff worked about 55-60 hours each week for Defendants and sometimes more; 5-6 days a week, with the exception of about 2-3 weeks each year.

21. At all times relevant herein, Plaintiff was paid at her straight regular rate for about 8 overtime hours in some weeks (hours over 40 in a week) – 40 hours by check and some overtime hours at her regular rate by separate transaction. In addition, Plaintiff was not paid any wages for about 10-12 overtime hours each week, with the exception of about 2-3 weeks each year. worked including some overtime hours - this consisted of overtime that Plaintiff worked beyond her schedule for Defendants and time which Defendants deducted for "lunch" even though Plaintiff did not receive a bona fide meal break within the meaning of the FLSA and NYLL because of the demands of her job.

22. A more precise statement of the hours and wages may be made when Plaintiff Bynum obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

23. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours in a week.

24. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3).

26. The circumstances of Plaintiff's termination and other conditions of her employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

27. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

28. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of construction equipment, materials, and supplies.

30. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

41. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

43. Due to Defendants' FLSA violations, plaintiff is entitled to recover from Defendants individually and/or jointly, her unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42
above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually
and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the
regulations and wage orders thereunder including 12 NYCRR § 142.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully
failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of
pay for each hour worked in excess of forty hours in a workweek, in violation of the New
York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law
§§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

47. Due to defendants New York Labor Law violations, Plaintiff is entitled to recover from
Defendants, her unpaid overtime wages, prejudgment interest, maximum liquidated damages,
reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the
regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

48. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1
through 47 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually
and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§
191, 193, 195 and 198 and the applicable regulations thereunder.

50. In addition to the violation set forth above and at all times relevant herein, Defendants failed

to pay Plaintiff at higher prevailing wage rates for work Plaintiff performed on certain public works projects.

51. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff her unpaid wages – including her unpaid non-overtime wages, overtime wages, prevailing wages, wage deductions, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

54. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, her entire unpaid wages – including her unpaid non-overtime wages, overtime wages, prevailing wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York

Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiff all unpaid wages – including her unpaid non-overtime wages, overtime wages, prevailing wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **May 31, 2021**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF