# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
〜〜〜〜

**Abdul K. Hassan, Esq.**                                          Tel: 718-740-1000
Email: abdul@abdulhassan.com                                Fax: 718-740-2000
*Employment and Labor Lawyer*                    Web: www.abdulhassan.com

**October 21, 2021**

**Via ECF**

Hon. Philip M. Halpern, USDJ
United States District Court, SDNY
500 Pearl St.
New York, NY 10007-1312

<u>Re: Bynum v. Pasenti Inc et al</u>
        **Case #: 21-CV-04817 (PMH)(JCM)**
        **Response to ECF No. 23**

Dear Judge Halpern:

    My firm represents plaintiff Star Bynum ("Bynum"), in the above-referenced action and I respectfully write in response to the request filed by Defendants at ECF No. 23. By way of clarification, prior defense counsel refused to sign a stipulation in this case sometime ago and there is actually no stipulation of consent to extend Defendants' time to answer. In fact, I don't have any recollection or record of speaking with current defense counsels about this action.

    Moreover, given the Court's October 15, 2021, order, the entry of default made by the clerk and the facts and circumstances in this case, it does not appear that the requirements for vacating the default would be satisfied even if Defendants made a motion to vacate. See *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993). See also *Tandel v. Transcontinental Ultra Flex Inc.*, Case No. 20-CV-03145 (Judge Bulsara - February 13, 2021)("ORDER: Notwithstanding the consent of Plaintiff, the Court has an independent obligation to ensure that the vacatur of the Court's entry of default [7] is appropriate. See Biwen Liang v. Home Reno Concepts, LLC, 803 F. App'x 444, 446 n.2 (2d Cir. 2020). By 2/19/2021, Defendant shall file a motion that explains why, under the standards set forth in Enron Oil Corp. v. Diakuhara, 10 F.3d 90 (2d Cir. 1993), the default should be vacated and why a late answer is permissible. The motion may be made by letter, and may indicate Plaintiff's consent.").

    However, we are willing to hold off on the second step of the default judgment process – the motion for default judgment following the Court's entry of default so that the Court can refer the case to the Court's mediation program which will likely result in resolution – I have settled several cases with current defense counsels through mediation.

We thank the Court in advance for its time and consideration.

Respectfully Submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff Star Bynum*

**Cc: Defense counsel via ECF**